UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Kinsale Insurance Company, | ) | Civil Action No.: 4:22-cv-00944-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Seaboard Ventures Inc., David J Bean, | ) | |
| and Diminique Bellamy, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

This matter is before the Court on Plaintiff Kinsale Insurance Company's ("Kinsale")

motion for judgment on the pleadings on its declaratory relief claim and on the counterclaims

brought by Defendants Seaboard Ventures Inc. ("Seaboard") and David J Bean ("Bean").  ECF No.

35.  Also pending is Kinsale's motion to compel.  ECF No. 44.  For the reasons stated below, the

Court grants Kinsale's motion for judgment on the pleadings and denies Kinsale's motion to compel

as moot. [1]

### Background

Defendant Diminique Bellamy ("Bellamy") filed a lawsuit ("the Underlying Lawsuit")

against Bean doing business as Derrieres's Gentlemen's Club ("the Club"), Seaboard, and Next

Level Security, LLC ("Next Level") in the Horry County Court of Common Pleas.[2]  ECF No. 1-1.  In

---

[1]      Under Local Civil Rule 7.08 (D.S.C.), "hearings on motions may be ordered by the Court in its discretion.
Unless so ordered, motions may be determined without a hearing."  Upon review of the filings, the Court finds that
a hearing is not necessary.

[2]      The Underlying Lawsuit is *Diminique Bellamy v. David J, Bean d/b/a Derrier's* [sic] *Gentlemans Club,
Seaboard Ventures, Inc., and Next Level Security, LLC,* c/a/ # 2020-CP-26-03275 in the Horry County Court of
Common Pleas.  *See* ECF No. 1-1.  The amended complaint in the Underlying Lawsuit is referenced in and  attached
to Kinsale's complaint in this action.  *See* ECF No. 1.  The Underlying Lawsuit is also referenced in Seaboard and
Bean's counterclaims.  *See* ECF No. 18; *see also Occupy Columbia v. Haley,* 738 F.3d 107, 116 (4th Cir. 2013)
(noting that in resolving a motion pursuant to Rule 12(c), "[a] court may . . . consider a 'written instrument' attached

that action, Bellamy alleges that in the early hours of January 1, 2020, while he was a patron of the

Club, he was shot five times and sustained injuries to his left arm, left flank, and abdomen. *Id*. at ¶¶

9–11. Bellamy alleges that the Club is owned by Bean who operates the Club through Seaboard,

and he alleges that Next Level was responsible for security and safety at the Club. ECF No. 1-1 at

¶¶ 2–7. Bellamy alleges the defendants in the Underlying Action were negligent in failing to

provide adequate security and failing to ensure that no weapons were allowed on the premises,

failing to ensure the Club was safe, failing to warn patrons of the danger of criminal activity, and

failing to properly hire and supervise employees/agents/third-party contractors pertaining to security.

ECF No. 1-1 at ¶¶ 14–20.

Kinsale issued a commercial general liability policy, policy number 0100091369-0 ("the

Policy"), to Seaboard d/b/a Derrieres Gentlemens Club with effective dates July 9, 2019 to March

11, 2020.[3] ECF No. 1 at ¶15; ECF No. 1-2; ECF No. 18 at ¶15.

Seaboard and Bean sought defense and indemnification from Kinsale, and on June 19, 2020,

Kinsale denied coverage. ECF No. 18 at p. 6–7. Kinsale filed this declaratory judgment action in

this Court requesting a declaration that Defendants Seaboard and Bean are not entitled to policy

coverage for Bellamy's claims in connection with the Underlying Lawsuit because the Policy's

Assault and Battery Exclusion applies in tandem with the Duty to Defend Exclusion to bar

coverage. ECF No. 1 at p. 5. Seaboard and Bean filed an answer and counterclaims seeking a

declaration that Seaboard and Bean are entitled to costs and coverage, indemnification, and a

defense in the Underlying Lawsuit. ECF No. 18. Bellamy filed an answer. ECF No. 19. Kinsale

---

as an exhibit to a pleading . . . so long as they are integral to the complaint and authentic.").

[3]        The policy period was from July 9, 2019 until July 9, 2020, but the policy was canceled effective March
11, 2020, by request of Seaboard. ECF No. 1 at ¶ 15 3 n. 2; ECF No. 18 at ¶ 15.

filed a answer and affirmative defenses to the counterclaims filed by Seaboard and Bean.  ECF No.

26.  On November 10, 2022, Kinsale filed a motion for judgment on the pleadings on its declaratory

relief claim and Seaboard and Bean's declaratory relief counterclaim.  ECF Nos. 35 & 35-1.  None

of the Defendants filed a response.[4]  Kinsale also filed a motion to compel, and the Defendants did

not respond.  ECF No. 44.

The relevant portions of the Policy are as follows:[5]

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE**

**LIABILITY**

**1. Insuring Agreement**

a.   We will pay those sums that the insured becomes legally obligated to pay as damages
because of "bodily injury" or "property damage" to which this insurance applies. We will
have the right and duty to defend the insured against any "suit" seeking those damages.
However, we will have no duty to defend the insured against any "suit" seeking damages for
"bodily injury" or "property damage" to which this insurance does not apply. . . .
. . . .
b.   The insurance applies to bodily injury" and "property damage" only if:
(1) The "bodily injury" or property damage" is caused by an "occurrence" that
takes place in the "coverage territory";
(2) The "bodily injury" or "property damage" occurs during the policy period . . .
. . . .

**2. Exclusions**
This insurance does not apply to:
**a.   Expected or Intended Injury**
"Bodily injury" or "property damage expected or intended from the standpoint of

---

[4]      Responses to Kinsale's motion for judgment on the pleadings were due by November 28, 2022.  *See* ECF
No. 35.

[5]      The Policy was referenced in and attached to the Complaint.  *See* ECF No. 1.  Portions of the Policy were
also referenced in  Seaboard and Bean's Counterclaim and/or Kinsale's motion for judgment on the pleadings.  *See*
ECF Nos. 18, & 35; see also *Occupy Columbia*, *supra* (recognizing that in resolving a 12(c) motion, a court may
consider exhibits attached to the pleadings if they are integral and authentic).

the insured.  This exclusion does not apply to "bodily injury" resulting from the use of reasonable force to protect persons or property.

. . . .

## SECTION V – DEFINITIONS

3. "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

. . . .

13. "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . . .

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**EXCLUSION - ASSAULT AND BATTERY**

. . . .

**This endorsement modifies insurance provided under the following:**

## COMMERCIAL GENERAL LIABILITY COVERAGE

The following exclusion is added to this policy:

This insurance does not apply to any claim or "suit" for "bodily injury", "property damage" or "personal and advertising injury" arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked. This exclusion includes but is not limited to:

1. The prevention or suppression, or the failure to suppress or prevent any assault, battery, harmful or offensive contact, or threat;
2. The failure to provide an environment safe from any assault, battery, harmful or offensive contact, or threat, or the failure to warn of the dangers of the environment that could contribute to any assault, battery, harmful or offensive contact, or threat;
3. The selling, servicing or furnishing of alcoholic beverages resulting in any assault, battery, harmful or offensive contact, or threat;
4. Injury or damage committed while using reasonable force to protect persons or property or acting in self-defense;
5. The reporting or failing to report to the proper authorities;
6. Conducting or failing to conduct an investigation of any assault, battery, harmful or offensive contact, or threat;
7. Providing or failing to provide first aid or medical treatment, or otherwise handling or responding after there has been an assault, battery, harmful or

4

offensive contact, or threat;

8. Any assault, battery, harmful or offensive contact, or threat whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person arising from any causes whatsoever; or

9. The negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured with respect to items 1. through 8. above.

This exclusion applies regardless of fault or intent and regardless of the particular cause of action.

This exclusion applies to any claim or "suit" regardless of whether assault, battery, harmful or offensive contact, or threat is the initial precipitating cause or is in any way a cause, and regardless of whether any other actual or alleged cause contributed concurrently, proximately, or in any sequence, including whether any actual or alleged "bodily injury", "property damage" or "personal and advertising injury" arises out of a chain of events that includes any assault, battery, harmful or offensive conduct.

. . . .

**THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.**

**ADDITIONAL POLICY EXCLUSIONS**
. . . .
**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**
**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
**LIQUOR LIABILITY COVERAGE**

**The following exclusions are added to this policy:**

. . . .

**DUTY TO DEFEND EXCLUSION**
    Where there is no coverage under this policy, there is no duty to defend

The Policy, ECF No. 1-2 at 7–8; 18–20, 41, 47–48.

### Rule 12(c) Standard and Applicable Law

    Federal Rule of Civil Procedure 12(c) permits a party to move for judgment on the pleadings

"[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).

5

"Judgment on the pleadings is appropriate where no set of facts would entitle the nonmovant to relief." *Church Mut. Ins. Co. v. Lake Pointe Assisted Living, Inc.*, No. 21-1668, 2022 WL 2702427, at *3 (4th Cir. July 12, 2022) (citing *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014)). The court must view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party. *Pennsylvania Nat'l Mut. Cas. Ins. Co. v. Beach Mart, Inc.*, 932 F.3d 268, 274 (4th Cir. 2019). While the Court considers the facts in the light most favorable to the nonmoving party, "[the Court] need not accept the legal conclusions drawn from the facts," and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000)).

Under South Carolina law,[6] "[a]n insurance policy is a contract between the insured and the insurance company and the policy's terms are to be construed according to the law of contracts." *Williams v. Gov't Emps. Ins. Co.*, 762 S.E.2d 705, 709 (S.C. 2014). "If the contract's language is clear and unambiguous, the language alone determines the contract's force and effect . . . [and] a court must construe its provisions according to the terms the parties used; understood in their plain, ordinary, and popular sense." *Schulmeyer v. State Farm Fire & Cas. Co.*, 579 S.E.2d 132, 134 (S.C. Mar. 24, 2003). "While a policy should be liberally construed in favor of coverage and against exclusion, courts are not permitted to torture the ordinary meaning of language to extend coverage

---

[6] Because this action is premised on diversity jurisdiction, South Carolina choice of law rules apply. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496-97 (1941); *see also CACI Int'l, Inc. v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009). In its motion for judgment on the pleadings, Kinsale contends South Carolina law applies. ECF No. 35-1 at p. 2. None of the Defendants explicitly contend South Carolina law applies, but the Defendants did not file a response to Kinsale's motion for judgment on the pleadings, and Defendants Seaboard and Bean referenced South Carolina court decisions in their counterclaims. *See* ECF No. 18. As such, it appears the parties agree South Carolina law applies in this case, and that is the law the court applies. *See Cosey v. Prudential Life Ins. Co.*, 735 F.3d 161, 169 n.7 (4th Cir. 2013).

expressly excluded by the terms of the policy." *Sphere Drake Ins. Co. v. Litchfield*, 438 S.E.2d 275, 277 (S.C. Ct. App. Dec. 6, 1993).

"[T]he allegations of the complaint determine the insurer's duty to defend." *City of Hartsville v. S.C. Mun. Ins. & Risk Fin. Fund*, 677 S.E.2d 574, 578 (S.C. May 18, 2009). "If the facts alleged in a complaint against an insured fail to bring a claim within policy coverage, an insurer has no duty to defend." *Id.* If an insurer has no duty to defend, it has no duty to indemnify. *Allstate Indem. Co. v. Riley*, No. 6:19-cv-2273- TMC, 502 F.Supp.3d 1045, 1056 (D.S.C. 2020).

## Discussion

The sole question before this Court is whether coverage under the Policy is barred by the Assault and Battery Exclusion ("A/B Exclusion") and the Duty to Defend Exclusion. Kinsale has a duty to defend in the Underlying Lawsuit unless those exclusions apply.

Kinsale contends it "has no duty to defend or to indemnify Seaboard . . . and Bean against Bellamy's underlying lawsuit because Bellamy's five gunshot wounds arise out of, relate to, and involve any actual or alleged assault, battery, or harmful or offensive contact, which are unambiguously excluded." ECF No. 35-1 at p. 7. Kinsale contends it is entitled to judgment on the pleadings because no issue of material fact exists as to the applicability of the Assault and Battery and Duty to Defend Exclusions. *Id.* at p. 2. None of the Defendants filed a response to Kinsale's motion for judgment on the pleadings. This Court used Defendants' answers and Seaboard and Bean's counterclaims to attempt to glean their position.[7]

In unambiguous terms, the A/B Exclusion provides "[t]his insurance does not apply to any

---

[7]    As to Bellamy's affirmative defenses, upon review of the pleadings it appears the alleged affirmative defenses are not supported by factual allegations and they appear conclusory.

7

claim or 'suit' for 'bodily injury', 'property damage' or 'personal and advertising injury' arising out of, related to, or, in any way involving any actual or alleged assault, battery, harmful or offensive contact, or threat, whether provoked or unprovoked."  The A/B Exclusion then goes on to provide that it excludes coverage for the type of conduct that Bellamy alleges Seabrook and Bean were negligent for.  Specifically, the A/B Exclusion excludes coverage for "failure to provide an environment safe from any assault, battery," "failure to warn of the dangers of the environment that could contribute to any assault, battery," "any assault, battery . . . whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person . .. ," and "[t]he negligent hiring, employment, training, supervision, or retention of any employee or agent of any insured."  ECF No. 1-2 at p. 41.

In their counterclaim seeking declaratory judgment that they are entitled to coverage, indemnification, and a defense in the Underlying Lawsuit, Seaboard and Bean contend Bellamy did not allege that any employee, independent contractor, or agent of Seaboard was the shooter and Bellamy only alleges Seaboard and Bean were negligent.  ECF No. 18 at p. 8.  In interpreting similar exclusionary clauses under analogous facts, courts have "held that all claims arising from an assault and battery, whether rooted in the actual assault and battery or couched in terms of negligence, fall within the parameters of an assault and battery exclusion and therefore such claims do not trigger an insurer's duty to defend or indemnify." *St. Paul Reinsurance Co. Ltd., v. Ollie's Seafood*, No. 9:06-cv-1080-PMD, 242 F.R.D. 348, 350 (D.S.C. 2007).  The South Carolina Court of Appeals has found

> the separate acts of negligence alleged by [the plaintiff] are not actionable without the assault and battery, because without the assault and battery there would be no damage suffered as a result of the alleged negligence of [the defendant nightclub].  The negligence claims are for bodily injury "arising out of" assault and battery and

8

come within the exclusion.

*Sphere Drake*, 438 S.E.2d at 277; *see also Caitlin Specailty Ins. Grp. v. RFB, Inc.*, No. 2:16-3135-RMG, 2017 WL 2493125 (D.S.C. June 8, 2017) (collecting cases that examine assault and battery exclusions and noting injured parties "often attempt to plead into coverage by asserting negligence–attempts federal and state courts routinely reject"). Furthermore, as previously indicated, in readily understandable language, the A/B Exclusion specifically excludes the kind of negligent conduct Bellamy alleges that Seaboard and Bean are liable for and excludes coverage for any assault and/or battery "whether caused by, or at the instigation, instruction, direction or due to the negligence of the insured, the insured's employees, agents, patrons, customers or any other person . . ." *See* ECF No. 1-2 at p. 41. In this case, the separate acts of negligence alleged in the Underlying Lawsuit would not be actionable without the shooting because the injuries alleged by Bellamy were the result of the shooting. Thus, if the shooting constitutes an assault and battery, the alleged acts of negligence arose from the assault and battery and are excluded from coverage under the plain terms of the Policy.

Any contention by Seaboard and Bean that the A/B Exclusion is ambiguous because neither the A/B Exclusion nor the definitions section of the Policy define "assault" and "battery" is unavailing because the terms assault and battery are well defined under South Carolina law. *See State Farm Fire & Cas. Co. v. Barrett*, 530 S.E.2d 132, 136 (S.C. Ct. App. 2000) ("When a policy does not specifically define a term, the term should be defined according to the usual understanding of the term's significance to the ordinary person."); *see Caitlin Speciality*, 2017 WL 2493125, at * 3 (finding a party's argument that a policy was ambiguous because it did not define assault and battery was without merit because those terms are well defined under South Carolina law). "In

South Carolina, an assault is conduct that places another 'in reasonable fear of bodily harm,' and a battery is 'the actual infliction of any unlawful, unauthorized violence on the person of another.'" *Id.* (quoting *Mellen v. Lane*, 659 S.E.2d 236, 244 (S.C. Ct. App. 2008)).  Some courts have found that intent must be shown for an act to constitute assault for purposes of an assault and battery exclusion to an insurance policy. *See Scottsdale Ins. Co. v. Moonshine Saloon*, LLC, No. 2:16-cv-0797-DCN, 228 F.Supp.3d 554, 559 (D.S.C. Jan. 6, 2017) (noting a court previously found for purposes of an assault and battery exclusion, the definition of assault would have to include mental state, but finding even under that restrictive intent-based definition the only reasonable inference was that the assailant possessed the requisite intent).  However, even construing the underlying complaint liberally, the only reasonable inference is that in a shooting which resulted in the same person being shot five times, the  shooter(s) at the very least intended to place another in reasonable fear of bodily harm.  It would be illogical to infer that five shots were accidentally fired and happened to strike the same person. Thus, the shooting alleged in the Underlying Complaint was an assault.

Finally, Seaboard and Bean contend the A/B Exclusion is inconsistent with the rest of the Policy because the Exclusion found in Section I(2)(a) ("the Section One Exclusion") would not apply to the shooting that gave rise to the Underlying Complaint.  ECF No. 18 at pp. 8, 10.  However, the Assault and Battery Exclusion specifically and unambiguously provides "THIS ENDORSEMENT CHANGES THE POLICY.  PLEASE READ IT CAREFULLY" and "This endorsement modifies insurance provided under the . . . COMMERCIAL GENERAL LIABILITY COVERAGE."  Thus, even if the Section One Exclusion would not have excluded coverage for damages related to the shooting, the A/B Exclusion applies and Kinsale has no duty to defend in the

Underlying Lawsuit.[8]

After considering the pleadings, the Policy, the facts as alleged in the Underlying Lawsuit, and the law of South Carolina, the court finds that the shooting constitutes an assault and battery that triggers the A/B Exclusion in this case.  Thus, Kinsale has established that it is entitled to judgment on the pleadings as to its requested declaration that it is not required to defend or indemnify Seaboard and Bean.[9]

### Conclusion

For the reasons stated above, the Court **GRANTS** Kinsale's  motion for judgment on the pleadings [ECF No. 35] as to its requested declaration that it is not required to defend or indemnify Seaboard and Bean.  As such, declaratory judgment will be entered in Kinsale's favor.  This Court **DENIES** Kinsale's motion to compel [ECF No. 44] as moot.


**IT IS SO ORDERED.**


Florence, South Carolina                                        s/ R. Bryan Harwell
April 26, 2023                                                         R. Bryan Harwell
                                                                              Chief United States District Judge

---

[8]       The Policy specifically provides Kinsale "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."  ECF No. 1-2 at p. 7.  The Duty to Defend Exclusion unambiguously provides "Where there is no coverage under this policy, there is no duty to defend."  *Id.* at p. 48.  If an insurer has no duty to defend, it has no duty to indemnify.  *Allstate Indem. Co.* 502 F.Supp.3d at 1056.

[9]       This Court notes that Kinsale requested an award of costs in its complaint for declaratory judgment, but the pleadings do not provide any factual details regarding any costs incurred.  As such, the Court does not make any findings related to costs at this juncture.